Hardin, P. J.
When the plaintiff rested he had shown a cause of action against the defendant upon which *212 there was due $19.17, as fully appears by the evidence of Samuel Wordwell, the cashier.
There was no motion for a non-suit, but the defendant took the case and undertook to establish a partial payment. In doing so a very close question of fact arose over the alleged sending of money by mail. The witness who spoke of mailing the money had stated before the justice it was ten dollars, but on the last trial he seemed to think, and perhaps remember, it was twelve dollars.
The mailing of the letter properly addressed to the plaintiff gave rise to the presumption that the plaintiff received it. Oregon S. S. Co. v. Otis, 100 N. Y., 446.
, Upon such a presumption a jury may be permitted to find the letter mailed was received in the absence of contradictory evidence. The plaintiff in this case positively denied having received the twelve dollars claimed to have been sent by mail.
His testimony on that point was very important, and, if believed, the verdict must have been for the plaintiff for a greater sum than $2.67.
Apparently, with a view of prejudicing the jury against the plaintiff, the defendant asked him, upon cross-examination, with great persistency, how much “he charged for endorsing the first note,” Upon the plaintiff’s objection the court held the evidence incompetent.
Later on the question was again put and objected to, but the court held that “if it was paid in advance it would be competent,” and overruled plaintiff’s objection, and he excepted. The plaintiff was greatly catechised upon the subject, and finally stated that he could not say how much he was paid for indorsing Mr. Hart’s note.
We think the evidence was immaterial as well as incompetent upon the real vital issues to be determined by the jury.
It may have influenced the jury. We cannot say that it did not. We are less inclined to take such a view of the effect of the ruling than we should be if we were of the opinion that the verdict rendered was just. It is, therefore, our duty to interfere with the verdict. Hawley v. Hatter, 9 Hun, 134; Benedict v. Penfield, 4 N. Y. State Rep., 685, and cases cited in opinion of Hardest, P. J.
Judgment and order reversed, and a new trial ordered in Oneida county court, with costs to abide the event.
Boardman and Follett, JJ., concur.